KING, Judge.
MOTION TO DISMISS
The third party defendant-appellee, Standard Oil Production Company, formerly So-hio Petroleum Company and Sun Exploration and Production Company, move to dismiss the appeal of the defendants-third party plaintiffs-appellants, Dolores Hackett Lewis, et al.
Plaintiff, Salvex, Inc., filed the instant suit against the appellants in an attempt to obtain a right of passage across the appellants’ property. The appellants brought a *455 reconventional demand against plaintiff and filed a third party demand against ap-pellees. The appellees filed the peremptory exception of prescription in response to appellants’ third party demand.
The trial court held a pre-trial conference on February 20, 1987, at which time the appellees’ exception was sustained. On that date a written pre-trial order was signed by the trial court which stated that the exception had been granted and which dismissed the appellees from the suit.
Appellees never submitted a formal written judgment on this exception to be signed by the trial court. Appellants prepared a formal written judgment and submitted it to the trial court for signature. Following a conference on the matter, the trial court signed the judgment on May 5, 1988. A motion and order for appeal was also submitted by appellants at that time and the trial court granted this order on May 5, 1988.
Appellees argue that the appeal of the judgment on the prescription exception was untimely. Appellants assert that the trial court’s pre-trial order signed by the trial court on February 20, 1987 to be a final judgment in accordance with the mandates of La.Code Civ.Proc. Art. 1918. The comments to C.C.P. Art. 1918 and the case of Rau v. Sun Insurance Company of New York, 239 So.2d 481 (La.App. 4th Cir.1970), writ denied 256 La. 1161, 241 So.2d 256 (1970), are cited as authority for this proposition.
In Rau the issue presented was different from that presented in the instant case. Rau involved a situation in which the motion to dismiss the appeal and to remand the case was filed after the Court of Appeal had rendered its judgment on the appeal. While the court stated that La.C.C.P. Art. 1918 deals with the form of the final judgment, rather than the substance, the court was analyzing the article for the purpose of deciding the timeliness of the appel-lee’s motion to dismiss the appeal.
In the instant case, appellees cite the following language from the pre-trial order as being the final judgment of the court:
The exception of prescription filed on behalf of third party defendants was heard in chambers and granted. Consequently, Standard Oil Production Company and Sun Exploration Company are dismissed from the suit.
La.Code Civ.Proc. Art. 1841 states, in pertinent part that, “(a) judgment that determines the merits in whole or in part is a final judgment.” Since the trial court’s ruling found that the appellants’ cause of action was prescribed, the ruling was a judgment. However, La.Code Civ.Proc. Art. 1918 states, in pertinent part, that “a final judgment shall be identified as such by appropriate language.”
Appellants argue that the pre-trial order contains no language which indicates that it is a final judgment. We agree. While the pre-trial order states that, “(t)he exception of prescription ... was ... granted ...,” the order does not order that the exception be sustained. The formal written judgment signed by the trial court on May 5, 1988, states, in pertinent part:
. IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Exception of Prescription to Third Party Demand filed by third party defendants, Sohio Petroleum Company and Sun Exploration and Production Company be sustained and the Third Party Demand be dismissed at Third Party Plaintiffs’ costs.
Clearly, this order contains language indicative of a final judgment.
In the instant case, the appellees simply failed to present the trial court with a formal written judgment in accordance with the trial court’s ruling. Upon presentation of such a judgment, the trial court signed it. The pre-trial order in the instant case did not constitute a final formal written judgment. Therefore, the appellants’ appeal is timely. La.Code Civ.Proc. Art. 2087.
MOTION DENIED.